## United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3061 | **DATE** | 5/5/2010 |
| **CASE TITLE** | Ranir, LLC, et al. vs. Sunstar Americas, Inc. | | |

**DOCKET ENTRY TEXT**

Motion by Plaintiffs to dismiss counterclaim [33] is denied as moot. Motion by Plaintiffs to dismiss Count II of Defendant's amended counterclaims [50] is granted.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

    Before the Court is a motion to dismiss Count II of Defendant Sunstar Americas, Inc.'s ("Sunstar") counterclaims, in which Sunstar seeks a declaration that it did not breach any contracts that it entered with Plaintiffs Ranir, LLC and Placontrol, Inc. ("Placontrol"). For the following reasons, the motion is granted.

    As alleged, Placontrol designed and manufactured a dental flossing product for Sunstar. To that end, the parties' executed two agreements on or about July 13, 2001 and May 8, 2002. Though the May 8, 2002 agreement replaced the July 13, 2001 agreement, both agreements contained a mandatory arbitration provision that said, "Any controversy or claim that may arise under, out of, in connection with, or relating to this Agreement or any breach thereof, shall be settled by final and binding arbitration in Chicago, Illinois . . . ." Pl.'s Reply Br. at 2 (quoting provision). As it happened, a controversy relating to the parties' agreement arose, thus Placontrol initiated this case on May 20, 2009, asserting claims for patent infringement, breach of contract and unfair competition. Then, after Sunstar moved to dismiss, Placontrol filed an amended complaint for patent infringement, dropped the breach of contract and unfair competition claims and initiated arbitration proceedings to adjudicate any claims that arose out of the parties' agreements. In its demand for arbitration, Placontrol alleges, in essence, that Sunstar breached the confidentiality provisions of the parties' agreements.

    In this Court, Sunstar filed an answer to the amended complaint on September 11, 2009. It also filed a counterclaim, in which it sought a declaration that it didn't breach any provisions of the parties' agreements. Placontrol filed a motion to dismiss the original counterclaim, but withdrew the motion through an agreed order that stayed the arbitration proceedings and gave Sunstar leave to file an amended counterclaim. It did so on November 20, 2009. In response, Placontrol filed another motion to dismiss, which is fully briefed and before the Court.

    In support of its motion, Placontrol first argues that Sunstar's counterclaim relates to the parties' agreement and thus Sunstar should have raised its counterclaim in the arbitration proceedings, not in this Court. But before the Court reaches this issue, a question remains as to whether the power to determine

## STATEMENT

arbitrability resides with this Court or with the arbitrator. In other words, the Court must first determine who should decide whether Sunstar's counterclaim falls within the arbitration clause's purview. For this, we turn to the agreement.

Typically, whether the parties have submitted a particular dispute to arbitration (i.e., the question of arbitrability) is a question for the court to decide, unless the parties have "clearly and unmistakably" provided otherwise in their agreement. Trustmark Ins. Co. v. John Hancock Life Ins. Co., 680 F. Supp. 2d 944, 949 (N.D. Ill. 2010); Employers Ins. Co. of Wausau v. Century Indem. Co., 443 F.3d 573, 576 (7th Cir. 2006). At least one district court has likened the "clearly and unmistakably" standard to the "clear and convincing" evidence standard. See Duthie v. Matria Healthcare, Inc., 535 F. Supp. 2d 909, 915-16 (N.D. Ill. 2008). Moreover, that same district court recognized that the prevailing view, under Delaware law, is that the "clearly and unmistakably" standard is satisfied where an arbitration clause provides for arbitration of all disputes arising out of an agreement and also incorporates the AAA rules that empower arbitrators to decide arbitrability. Id. at 916. Otherwise, the agreement's terms must be so clear that they leave little doubt that the parties agreed that the question of arbitrability is one for the arbitrator.

This case involves an agreement that incorporates the AAA rules and contains a broad, all-encompassing arbitration clause. Nevertheless, the Court agrees with Sunstar that the mere incorporation of the AAA rules into the arbitration clause does not represent "clear and unmistakable" evidence that the parties agreed that questions of arbitrability were to be decided by the arbitrator. See Masco Corp. v. Prostyakov, 2009 WL 3390490, at *4 (S.D. Ind. Oct. 19, 2009) (citing Oblix, Inc. v. Winiecki, 374 F.3d 488, 490 (7th Cir. 2004). Courts in this district are yet to take the parties' incorporation of the AAA rules that far. And this Court, with no guidance from the Seventh Circuit, sees no reason to make such a determination here. Furthermore, the Court declines to adopt a rule that requires arbitrators to determine arbitrability simply because a broad arbitration clause exists in the parties' agreement. A broad arbitration clause, which states the types of claims that the arbitrator may decide, does not necessarily state who should decide arbitrability. Indeed, in this case, the agreement is silent on the issue. Silence does not tell us who should decide arbitrability, and thus it cannot satisfy the "clearly and unmistakably" standard that our caselaw contemplates. See First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 945 (1995) (discussing why courts may hesitate to construe silence as giving arbitrators the power to determine arbitrability). In the end, this Court shall decide whether Sunstar's counterclaim is subject to arbitration.

On this point, Sunstar does not dispute that its counterclaim is connected with the parties' agreement. It clearly is. Recognizing this, Sunstar puts forth an assortment of arguments that challenge Placontrol's ability to invoke the arbitration clause altogether. The Court finds all of these arguments unavailing. First, Placontrol did not waive its right to arbitration, as the circumstances do not demonstrate that its conduct was "so inconsistent with the arbitration clause" that it demonstrated an abandonment of that right. As explained in the response brief, even though Placontrol initially filed its breach of contract claims in this Court, when the company and its counsel determined that the arbitration clause applied, it dropped those claims from the case and proceeded with the arbitration. Second, the Court agrees with Placontrol that the agreements' survival provisions negate any argument that the parties' second agreement extinguished the ability to arbitrate claims that arose under the first agreement. In this way, Sunstar's counterclaim presents an arbitrable issue. Third, Sunstar's argument regarding Placontrol's standing is rejected, as it remains unsupported.

Accordingly, Placontrol's motion to dismiss Count II of Sunstar's counterclaims is granted. IT IS SO ORDERED.